IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-870-WYD-OES

WADE F. EXUM, M.D.,

    Plaintiff,

v.

UNITED STATES OLYMPIC COMMITTEE, a corporation,

    Defendant.

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion for Remand of Removed Action – Federal Jurisdiction Lacking; Jurisdictional Issue Precluded by Res Judicata, and Certification Pursuant to D.C.Colo.L.R. 7.1 ("Motion for Remand"), filed June 8, 2005.  Plaintiff's Motion for Remand challenges the validity of Defendant's Removal, filed on May 12, 2005.  Plaintiff requests that the Court remand this action to the El Paso County District Court for the State of Colorado.  He asserts that the case was improperly removed, because the claims presented do not arise under the Constitution, treaties or laws of the United States.  Upon careful review of the Plaintiff's Motion for Remand, Defendant's Response to Plaintiff's Motion for Remand, filed June 17, 2005, and pertinent case law, I find that this court has subject matter jurisdiction over this case and

that Plaintiff's Motion for Remand to state court should be denied.

### I.     Background

In July 2000, Plaintiff filed a civil action in the United States District Court for the District of Colorado, alleging discrimination under 42 U.S.C. § 1981 and several state law claims against the United States Olympic Committee ("USOC") and the United States Anti-Doping Agency.[1]  On April 9, 2003, Judge Robert Blackburn, of this Court, granted summary judgment in favor of Defendant on Plaintiff's discrimination claims and dismissed Plaintiff's state law claims and Defendant's state law counterclaims without prejudice, declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3).  *See* Order Granting in Part and Denying in Part Def. USOC's Mot. for Summ. J. [#91] and Dismissing Pl.'s Pendant State Law Claims on Jurisdictional Grounds, filed April 9, 2003, at 18 (Attached as Exhibit A to Pl.'s Mot. to Remand).

Plaintiff appealed the District Court's order to the Tenth Circuit Court of Appeals, which affirmed the lower court's decision.  *See Exum v. United States Olympic Committee*, 389 F.3d 1130 (10th Cir. 2004).  The Tenth Circuit stated, "A district court may decline to exercise supplemental jurisdiction over a claim when it has dismissed all claims over which it had original jurisdiction." *Id.* at 1138.  It then found that having properly granted summary judgment on Plaintiff's federal claims, the district court was "well within its discretion in declining supplemental jurisdiction over the remainder of Plaintiff's claims and USOC's

---

[1] The prior action was entitled *Exum v. United States Olympic Committee and the United States Anti-Doping Agency*, 00-RB-1421 (PAC).

counterclaims." *Id.* at 1139.

Following that decision, Plaintiff filed a complaint in El Paso County District Court, State of Colorado on February 11, 2005. The state court Complaint asserts claims almost identical to those in the prior action before Judge Blackburn. Plaintiff presents the following five claims, all designated as state law claims in his Complaint: (1) fraud and misrepresentation; (2) breach of contract; (3) promissory estoppel; (4) wrongful termination in violation of public policy; and (5) tortious interference with prospective financial advantage. Pl.'s Compl. at 23-34. Plaintiff's claims are based on state law and stem from an employment dispute with his former employer, the United States Olympic Committee. Plaintiff was hired by the USOC as the Director of Drug Control Administration in 1991 (*id.* at ¶ 11), and he claims that the mission of that administration was to "eradicate doping in sport." *Id.* at ¶ 13. Plaintiff also claims, however, that "the USOC has thrown road blocks in the path of anti-doping enforcement." *Id.* at ¶ 19.

Defendant argues that "Plaintiff's claims in this case all relate to one or more of the USOC's responsibilities under the Ted Stevens Olympic and Amateur Sports Act" and should be removed. Def.'s Notice of Removal at 3. The Act provides:

> [A]ny civil action brought in a State court against the corporation and solely relating to the corporation's responsibilities under this Act shall be removed, at the request of the corporation, to the district court of the United States in the district in which the action was brought, and such district court shall have original jurisdiction over the

action . . . .

36 U.S.C.A. § 220505(b)(9). Defendants aver that most, if not all, of Plaintiff's claims arise under federal law, the Ted Stevens Olympic and Amateur Sports Act ("ASA"), and should be removed under 28 U.S.C.A. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

**II. Analysis**

I begin my analysis by noting that removal jurisdiction is to be strictly construed and doubts should be resolved against removal. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). To support removal, "the required federal right or immunity must be an essential element of the plaintiff's cause of action, and that the federal controversy must be 'disclosed upon the face of the complaint, unaided by the answer of by the petition for removal.'" *Id.* (quoting *Madsen v. Prudential Fed. Sav. & Loan Assn.*, 635 F.2d 797, 800 (10th Cir. 1980)).

Plaintiff raises two bases for remand: res judicata and lack of federal question jurisdiction. I first consider whether res judicata prevents removal to this Court. The Tenth Circuit has held that issue preclusion under the doctrine of res judicata requires that:

> (1) the issue decided is identical with the one presented in the action in question, (2) the prior action has been fully adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Park Lake Res. LLC v. United States Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004). Judge Blackburn dismissed Plaintiff's previous state law claims without prejudice because he declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). While the Tenth Circuit has stated that a jurisdictional dismissal may have issue-preclusive effect (*see id.*), I do not find that the Judge Blackburn's dismissal in the previous case has such an effect. In *Park Lake Resources*, the plaintiffs' claim was dismissed for lack of subject matter jurisdiction because it was found not to be ripe for review. *Id.* at 1135. Plaintiffs then reasserted the same claim, and the Tenth Circuit found that while there was no adjudication on the merits, the finding that the claim was not ripe had "issue-preclusive consequences." *Id.* at 1136. Because the claim had still not ripened, res judicata applied. *Id.* at 1137.

In the present case, Judge Blackburn did not make a determination that the court lacked jurisdiction but rather declined to exercise jurisdiction over the state law claims. Judge Blackburn's determination is very different than a finding that a claim is not ripe or should be dismissed for lack of subject matter jurisdiction. I find not only that Plaintiff's state law claims were not fully adjudicated on the merits but also that there has not been a jurisdictional dismissal that has issue-preclusive effect. Consequently, I find that res judicata does not apply.

I next consider whether statutory removal under the ASA is appropriate in the present case. As quoted above, that statute permits removal of a civil action against the USOC when that civil action solely relates to the USOC's responsibilities under the ASA. 36 U.S.C.A. § 2205205(b)(9). Defendant argues that "[e]ach of Plaintiff's claims

-5-

assert that the USOC failed to meet its responsibilities under the Amateur Sports Act." Def.'s Resp. to Pl.'s Mot. for Remand at 2. Defendant further states, "Plaintiff specifically alleged in the Complaint that his claims are 'athletic doping related claims' and that the Amateur Sports Act made the USOC responsible for controlling the drug testing operations of the National Governing Bodies of amateur and Olympic sports. (Compl. ¶¶ 1,5.)" *Id.*

Plaintiff does not specifically seek relief under the ASA. He instead states that his "claims arise from wrongdoing by the defendant corporation which had not even a tenuous connection to his eligibility to complete in any games . . . ." Pl.'s Mot. for Remand at 6 (relying on *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580 (7th Cir. 2001)). Plaintiff confuses preemption under 36 U.S.C.A. § 22053(3)–which gives the USOC "exclusive jurisdiction" over certain matters and was at issue in the Seventh Circuit's decision in *Slaney*–with removal under 36 U.S.C.A. § 220505(b)(9), which permits removal by the USOC to federal court. Plaintiff, in fact, states:

> Under the Ted Stevens Olympic & Amateur Sports Act, 36 U.S.C. §§ 220501 *et seq.*, the USOC is separately designated as the principal umbrella organization in the United States for all so-called "amateur" or Olympic sports . . . [and] for controlling and/or supervising the drug testing operations of the various recognized National Governing Bodies (NGBs) for those sports.

Pl.'s Compl. at ¶ 5. Plaintiff states that he was hired by an administration that was supposed to "eradicate doping in sports." *Id.* at ¶ 13. Plaintiff's claims stem from the fact that Defendant allegedly held Plaintiff out as responsible for a job for which he was hired but not permitted to perform (*id.* at ¶ 88-91), because, as Plaintiff claims, the

-6-

USOC was not actually "eradicat[ing] doping in sports." *See id.* at ¶ 19-21 (alleging that the USOC evaded its responsibilities to discipline for violations of the USOC's anti-doping policies and even encouraged certain practices).  This is in large part the basis for his fraud and misrepresentation claim, his breach of contract claim, his promissory estoppel claim, and his wrongful termination in violation of public policy claim.  These allegations relate to the USOC's responsibilities under the ASA, and I find that the claims may be removed to this Court.

### III.   **Conclusion**

I find that removal of Plaintiff's Complaint was proper under 36 U.S.C.A. § 220505(b)(9).  Accordingly, it is

ORDERED that Plaintiff's Motion for Remand of Removed Action – Federal Jurisdiction Lacking; Jurisdictional Issue Precluded by Res Judicata, and Certification Pursuant to D.C.Colo.L.R. 7.1, filed June 8, 2005, is **DENIED**.

Dated:  November 9, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge