IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00870-WYD-MEH

WADE F. EXUM, M.D.,

    Plaintiff,

vs.

UNITED STATES OLYMPIC COMMITTEE, a corporation,

    Defendants.
_____

**ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND PLAINTIFF'S UNOPPOSED MOTION TO EXTEND EXPERT DISCLOSE DEADLINES**
_____

    Defendant has filed a Motion for Protective Order (Docket #17) ("Motion"). Related to this, Plaintiff has filed an Unopposed Motion to Extend Expert Disclosure Deadlines (Docket #25). These motions have been referred to this Court (Docket ##18, 26). Plaintiff has filed his response and Defendant its reply to the Motion. Oral argument would not materially assist the Court in adjudicating this Motion or the motion to extend. For the reasons stated below, the Court **grants in part** and **denies in part** the Motion for Protective Order and **grants** the motion to extend.

**I.**    **Facts**

    In this suit, Plaintiff, a former employee of Defendant, alleges that Defendant (1) committed fraud and misrepresentation surrounding the circumstances of his original hire; (2) breached a contract of employment (including the circumstances surrounding his alleged constructive discharge); (3) made certain promises to Plaintiff concerning the scope of his authority while employed with Defendant and is liable for damages under a promissory estoppel theory; (4) violated public policy by retaliating against him for his attempt to rectify perceived problems with Defendant's

administration of the Olympic program, resulting in his constructive discharge; and (5) tortiously interfered with a prospective financial advantage arising from his failed bid to obtain a contract from Defendant.

There was a prior lawsuit between these parties. *Exum v. United States Olympic Comm.*, No. 00-RB-1421 (PAC). That suit was dismissed on the eve of trial, after full discovery. Based on prior representations of the parties, the discovery in that case provided *substantially* all the information the parties needed in this case. At the scheduling conference in this case, the parties acknowledged that very little additional discovery was needed in this case. The discovery period was set for approximately three months, unlike the normal six-month presumptive period in this District. Only two potential deponents were identified in the Scheduling Order (although the Court permitted up to five depositions per side). Those deponents were Joan Price and Plaintiff. The Court permitted the depositions to last up to seven hours. The parties agreed that the discovery in this case would be limited to the issues of updating Plaintiff's damages and any issues concerning the production of something called the A.S. 400 database, a document also known as a doping log, which allegedly contains information about testing of Olympic athletes for use of banned substances.

In the present Motion, Defendant seeks an Order from this Court preventing Plaintiff from taking Ms. Price's deposition and excusing Defendant from producing the A.S. 400 database. In summary, as to the Price deposition, Defendant contends that her deposition was taken in the prior case, and another deposition in this case would be duplicative. As to the A.S. 400 database, Defendant contends that Plaintiff has already been provided tens of thousands of documents concerning testing of athletes and, therefore, production of this database would be cumulative and

2

duplicative.¹ Plaintiff alleges that the deposition of Ms. Price is needed to cover issues that arose after her last deposition. As to the database, Plaintiff contends that information contained in the database is relevant to this litigation, and that he did not know of the existence of the database until after discovery closed in the prior lawsuit.

## II.     Discussion

### A.     Standards for Obtaining a Protective Order

Rule 26(c) lists eight kinds of protective orders that may be made upon a showing of good cause. The kind of protective order sought here would arguably fall under (c)(1) ("that the discovery not be had") or (c)(4) ("that certain matters not be inquired into"). Further, under subsection (c) the Court may make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Clearly, the Court has the authority to enter the type of order sought by Defendant, so long as it has provided sufficient grounds.

As noted by Wright & Miller, rarely do counsel find it necessary to resort to motions for a protective order with regard to written discovery, and "[i]t is even more difficult to show grounds for ordering that discovery not be had when it is a deposition that is sought, and most requests of this kind are denied." C. WRIGHT & A. MILLER, 8 FED. PRAC. & PROC. 2D § 2037. The authors particularly noted that courts typically deny a motion for protective order to prevent a deposition from going forward when the allegation is "that the information sought has already been obtained by

---

¹Defendant initially requested a third element of relief in its Motion: A protective order preventing the further publication outside this litigation of any drug testing records or summaries. In its reply in support of the Motion, Defendant withdrew this request. The Court will note that Plaintiff has previously represented to this Court that "he will not disclose the names of the tested athletes to third parties." *Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 205 (D. Colo. 2002)

prior depositions or other means of discovery, or by proceedings in another action." *Id.*

Of course, the scope of discovery under the Federal Rules of Civil Procedure is broad. "Parties may obtain discovery of any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." Fed. R. Civ. P. 26(b). The Supreme Court has held that discovery is designed to help define and clarify the issues. *Hickman v. Taylor,* 329 U.S. 495, 501 (1947).

### B.     Price Deposition

The Court is not persuaded by Defendant's argument concerning duplication of effort. Although the Court will not permit Plaintiff to depose Ms. Price on matters that were covered in the prior case, or that could or should have been covered, Plaintiff represents that Ms. Price's deposition will involve only a matter that was not addressed in the prior suit, namely, the "doping log." Plaintiff has represented that he will inquire only into (1) "whether Dr. Exum was the direct custodian of [the log], and whether [Plaintiff] created or physically possessed [it]"; (2) when and how the information in (1) was disclosed to Defendant's counsel by Ms. Price; and (3) "whether, and by whom, [Ms. Price] was advised to make no mention of the information in her earlier deposition." Plaintiff's response at ¶ 18. Ms. Price's deposition will be limited to these topics and will be limited to two hours. Further, although Defendant argues that topic nos. (2) and (3) involve information that would violate the attorney-client privilege, the Court makes no decision concerning Defendant's assertion of an attorney-client privilege with regard to topic nos. (2) and (3) and does not intend, by this Order, to limit Defendant's assertion of such a privilege in any way.

Therefore, although Defendant has not established good cause to preclude the deposition altogether, good cause has been shown to limit it to the topics which Plaintiff has represented to the

Court will be covered and which were not covered in the prior litigation and to limit the length of the deposition.

### C. A.S. 400 Database

The Court agrees that release of this database involves a close question, but finds that the Defendant has not established good cause based on its asserted objections of cumulative and duplicative. Nowhere does Defendant represent that all the information in the database has already been provided. Defendant does allege that "tens of thousands of pages of records concerning athlete tests for performance-enhancing drugs covering the same period of time" have already been produced. If these records are potentially relevant, as Magistrate Judge Coan found in *Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 n.4 (D. Colo. 2002), then to the extent the A.S. 400 has any additional information beyond that which has already been produced, it is discoverable. Further, the Court believes that, even if the A.S. 400 duplicates the information contained in the "tens of thousands" of pages previously produced, if the database organizes that information in a way that is more useful to the litigants, it would still be discoverable.

Finally, the Court does not believe that a review of the A.S. 400 *in camera* will materially assist it in its decision on the pending motion.

### III. Further Scheduling

The Court grants the unopposed motion to extend expert disclosure deadlines. That deadline is moved to July15, 2006. The discovery deadline is extended to July 31, 2006. The dispositive motion deadline will remain July 31, 2006, as the Court does not perceive that the issues resolved in this Order will significantly impact the arguments that either party would make in a motion for summary judgment. However, the Court will move the final pretrial conference to September 25,

2006 at 9:45 a.m.  The Court apologizes for the length of time it has taken to resolve the motion for protective order and the impact that this delay has had on the deadlines in this case.

**IV.     Conclusion**

Accordingly, for the reasons stated above, it is hereby **ORDERED** as follows:

1. The Defendant's Motion for Protective Order [Filed April 5, 2006; Docket #17] is **granted in part** and **denied in part** as stated herein; and

2. The Unopposed Motion for Extension of Time to Disclose Experts ([Filed May 31, 2006; Docket #25] is **granted** as follows:

    a. The expert disclosure deadline is extended to and including July 15, 2006.

    b. The discovery deadline is extended to and including July 31, 2006.

    c. The dispositive motion deadline remains as July 31, 2006.

    d. The Final Pretrial Conference currently scheduled for August 24, 2006, at 9:00 a.m., has been **rescheduled** to September 26, 2006, at 9:45 a.m. The conference will be held in Courtroom A-601 on the sixth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado.

        The parties shall submit their jointly prepared proposed Final Pretrial Order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures V.L., no later than five (5) business days prior to the conference.  The proposed Final Pretrial Order to be submitted to the Magistrate Judge under the ECF Procedures  must be submitted in a useable format (i.e., Word or WordPerfect only) and e:mailed to the Magistrate Judge at Hegarty_Chambers@cod.uscourts.gov.

        The parties shall prepare the proposed Final Pretrial Order in accordance with the form which can be found in the forms section of the court's website at www.co.uscourts.gov.

Dated at Denver, Colorado, this 14th day of June, 2006.

                                                BY THE COURT:

                                                s/ Michael E. Hegarty
                                                Michael E. Hegarty
                                                United States Magistrate Judge